FILED'11 MAR 31 16:42USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICHARD D. ELLIOTT,

               Plaintiff,                      Civil No. 09-1195-HA

               v.                       OPINION AND ORDER

COMMISSIONER of Social Security,

               Defendant.

_____

HAGGERTY, District Judge:

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the

Act). Plaintiff requests judicial review of a decision by the Commissioner of the Social Security

Administration denying his application for disability insurance benefits (DIB). He seeks an order

reversing the Commissioner's decision and remanding this case for an award of benefits or for

further proceedings. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

       This court has reviewed the record of this case and has evaluated counsel's arguments. I

conclude that this action must be remanded for additional administrative proceedings.

**ADMINISTRATIVE HISTORY**

       Plaintiff protectively filed his application for DIB in April, 2004, alleging disability since

November 1, 2003. Plaintiff's application was denied initially and upon reconsideration. An

administrative law judge (ALJ) conducted a hearing, and subsequently issued a decision on May

1  - OPINION AND ORDER

16, 2007, finding that plaintiff was not disabled. Tr. 15-17; 18-31.[1]  The Appeals Council denied

review, rendering the ALJ's conclusions the Commissioner's final decision for purposes of

obtaining this judicial review.

## FACTUAL BACKGROUND

The parties present no substantive challenges to the facts as presented in the record of the

case. Details of plaintiff's background and medical history will be reviewed as necessary in this

ruling's analysis below.

## STANDARDS

The parties are familiar with the applicable standards required for proving an inability to

engage in any substantial gainful activity (SGA) "by reason of any medically determinable

physical or mental impairment" that has lasted or can be expected to last for a continuous period

of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).  The ALJ undertook a sequential

evaluation process for determining whether plaintiff was eligible for benefits because of

disabilities. 20 C.F.R. §§ 404.1520, 416.920; *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir.

2007).  Plaintiff's challenges to that process and the ALJ's analysis are addressed below.

The Commissioner's decision must be affirmed if it is based on proper legal standards and

its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g);

*Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*,

53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted).  Substantial evidence is "more than a

mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind

---

1       Citations beginning with "Tr." refer to pages in the official transcript of the administrative
record filed with the Commissioner's Answer.

might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted).

This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Id.*

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since August 5, 2005, the alleged disability onset date. Tr. 20, Finding 2.

At step two, the ALJ found that plaintiff had the following severe impairments: sleep apnea, chronic insomnia, chronic obstructive pulmonary disease (COPD), headaches, polysubstance abuse, depression, and anxiety. Tr. 20, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 20, Finding 4. The ALJ determined that plaintiff had the residual functional capacity (RFC) through the date last insured for benefits to lift and carry twenty pounds occasionally and ten pounds frequently, stand or walk six hours in an eight-hour

workday, sit six hours in an eight-hour workday, climb ramps or stairs and balance occasionally,

and frequently stoop, kneel, crouch, and crawl.  Plaintiff was precluded from climbing ladders,

ropes, or scaffolding.  Plaintiff must also avoid even moderate exposure to fumes, odors, dusts,

gases, poor ventilation, and avoid all exposure to unprotected heights and dangerous machinery.

He has the mental RFC for simple repetitive tasks with occasional public contact.  Tr. 21,

Finding 5.

At step four, the ALJ found that plaintiff was unable to perform his past relevant work.

Tr. 29, Finding 6.  At step five, considering plaintiff's age, education, work experience, and RFC,

the ALJ concluded that plaintiff could perform work existing in significant numbers in the

national economy, specifically housekeeping.  Tr. 30, Finding 10.  Accordingly, the ALJ

concluded that plaintiff was not eligible for DIB.

## QUESTION PRESENTED

Primarily, plaintiff alleges that the ALJ erred in (1) conducting analysis at step two and

step three; and (2) failing to find plaintiff presumptively disabled because of his age and

presenting an inadequate hypothetical question to the vocational expert (VE).  Because the this

assignment of error is dispositive, and the record fails to support a remand for benefits, only the

first assignment is analyzed.

## DISCUSSION

### 1.    Steps two and three

At step two of the sequential process to determine eligibility, an ALJ is required to

conclude whether a claimant suffers from a severe impairment, one which has more than a slight

effect on the claimant's ability to work.  To establish the existence of a severe impairment, the

claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's self-reporting alone will not suffice. *See* 20 C.F.R. §§ 404.1508; 416.908.

However, an overly stringent application of the severity requirement at step two violates the statute by risking the denial of benefits to claimants who otherwise meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Instead, the step two inquiry is viewed as a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

The Commissioner's regulations provide that a claimant's impairment may be found to be "non-severe" only when evidence establishes that the impairment is a "slight abnormality" that has "no more than a minimal effect on an individual's ability to work." *Corrao*, 20 F.3d at 949 (citing Social Security Ruling (SSR) 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on his or her ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). This "combined effect" must be considered throughout the entire disability determination process. *Id.*

As SSR 85-28 provides:

> A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and an informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of function is inherent in the medical evaluation process itself. At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities

SSR 85-28.

Here, plaintiff asserts that the ALJ erred by failing to provide any substantive step two evaluation regarding plaintiff's severe head injury suffered in 1999. Tr. 504-550. The injuries sustained, including fractured facial bones and a concussion, resulted in surgeries, cognitive difficulties, vision impairment, and post traumatic stress disorder (PTSD). Specifically, the record establishes that plaintiff suffered a fracture of his "orbital forehead, zygoma, and maxillary region secondary to assault." Tr. 506. The resulting surgery involved open reduction and internal fixation of these fractures. *Id.* As a consequence, he has suffered ongoing neuralgia, headaches, sensory loss, sleep disturbance secondary to pain, and PTSD "secondary to his recent trauma." Tr. 506, 510, 521, 528, 529.

Plaintiff's PTSD was diagnosed by treating doctors, Tr. 201, and the record contains substantive evidence of plaintiff's vision impairments and cognitive difficulties. Tr. 103, 105, 106, 107, 143, 150, 545-50.

The Commissioner responds by first defining "non-severe impairments," and then noting several times that plaintiff bears the burden of establishing the existence of any severe impairment that prevented him from performing SGA, and also must establish that this impairment lasted for at least twelve continuous months. The Commissioner also acknowledged that the analysis at step two is a *de minimus* screening process. Response at 13-15.

While these standards are applicable, and undisputed, the Commissioner's position that plaintiff failed to meet his burden at step two, and that the "outcome of the case" was unaffected by the ALJ's performance at step two, Response at 15, suggests a misunderstanding of the error that plaintiff is addressing.

Plaintiff has not asserted that the ALJ erred in failing to recognize additional impairments as severe, or that the ALJ failed to proceed to analyze plaintiff's RFC. Instead, plaintiff challenges the adequacy of the entire analysis at step two. As noted above, significant injuries and impairments were overlooked by the ALJ. Counsel's assertion that the "ALJ reviewed and evaluated the evidence within the record," Response at 14 (citing the ALJ's decision at Tr. 20-29), cannot be verified from that decision itself. Counsel's additional assertion that the impairments at issue were either non-severe, or were accounted for in the ALJ's subsequent findings about plaintiff's limitations, *id.*, is unverifiable and fails to excuse the ALJ's inadequate analysis that makes no mention of the impairments.

Similarly, the Commissioner's reliance upon *Lewis v. Astrue*, 498 F.3d 909 (9th Cir. 2007), is misplaced. The general proposition that failures at step two may be harmless if the ALJ discusses the impairments and assesses limitations as a result of that impairment, Response at 15, underscores the significance of the error in this case – the ALJ failed to adequately discuss the impairments at issue, and a determination as to whether plaintiff's limitations were fully assessed in connection with these impairments is impossible to ascertain.

The fact that the ALJ found the existence of severe impairments at step two, and so did not "screen out" plaintiff's application, does not establish that any error at step two was harmless. Failing to adequately analyze plaintiff's impairments at step two was not rendered harmless simply because the ALJ successfully identified at least one severe impairment and proceeded to analyze subsequent steps. Failing to address or even identify significant impairments likely narrowed the scope of the ALJ's subsequent analysis, and likely led to diminished consideration of plaintiff's testimony and affected the ability to determine whether plaintiff is disabled.

7  - OPINION AND ORDER

This court concludes that the evidence plaintiff presented regarding the impairments that were overlooked by the ALJ was sufficient to satisfy the *de minimis* threshold at step two. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (holding that even an incomplete picture of a claimant's overall health during the relevant period may include evidence of problems sufficient to pass the *de minimis* threshold of step two). The question of the extent of specific functional limitations arising from the impairments at issue may require substantiation, and the interests of justice compel a remand for further proceedings for that purpose. *Id.* (recognizing in part that the ALJ has an affirmative duty to supplement incomplete medical records before disregarding impairments at so early a stage in the analysis) (citations omitted).

The significance of the error occurring at step two is difficult to measure, but its likely impact on the ALJ's subsequent analysis compels remand. Without acknowledging and addressing the extent of plaintiff's impairments, the ALJ cannot be said to have complied with the duty to consider whether these impairments, in combination, were severe regardless of whether each individually was severe. The regulations governing the Social Security Administration state:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. § 404.1523 (citation omitted); *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (holding that where the ALJ finds at least one severe impairment at step two, plaintiff is

said to have "prevailed at step two," and all medically determinable impairments must be considered in the remaining steps of the sequential analysis).

The ALJ's findings at Step 3 are insufficient. The declaration that none of plaintiff's impairments, "either singly or in combination," meets or equals any Listings, although accompanied by a reference to further discussion to follow, failed to provide enough analysis to confirm that the ALJ considered the medical evidence of plaintiff's impairments, the proper Listings, and the bases for the ALJ's findings.

The Commissioner contends in response that plaintiff failed to offer "substantive argument why his impairments or combination of impairments met or equaled any Listing." Regardless of the accuracy of this assertion, it fails to excuse the lack of detail in the findings provided. Accordingly, the ALJ's errors at steps two and three cannot be deemed harmless.

**2.     Remand**

Plaintiff's other arguments – and defendant's responses – have been considered, and the record scrutinized. Because a remand for further proceedings is warranted, an analysis of plaintiff's other arguments is unnecessary. The court is confident that upon remand, the Commissioner will ensure that all severe impairments presented by the medical record will be identified, addressed, and that all appropriate standards will be applied in the five-step analysis and in evaluating the testimony and evidence submitted.

A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). The issues presented here compel a remand under sentence four.

The decision whether to remand under sentence four for further proceedings or for the immediate payment of benefits is within the discretion of the court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings. The parties shall endeavor to obtain a complete picture of the scope of plaintiff's impairments and the extent of his functional limitations.

**CONCLUSION**

This court concludes that the decision of the Commissioner regarding Richard D. Elliott must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this ___3[___ day of March, 2011.

_____
ANCER L. HAGGERTY
United States District Judge