UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICHARD D. ELLIOTT,

    Plaintiff,

v.

COMMISSIONER of Social Security,

    Defendant.

Case No. 3:09-cv-01195-HA

ORDER

HAGGERTY, District Judge:

    On March 31, 2011, this court entered a Judgment remanding this matter to the Commissioner for further proceedings. Following the remand, plaintiff was awarded benefits.

    Plaintiff's counsel now moves for a fee award of $9,889.60 in fees pursuant to 42 U.S.C. § 406(B). Counsel previously filed a motion for a fee award pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, but that motion was withdrawn. The requested fee constitutes approximately fifteen percent of plaintiff's retroactive benefits. Although defendant does not object to the proposed award, this court performs an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, plaintiff's counsel's Unopposed Motion for Attorney Fees [29] is granted.

1 -- ORDER

**DISCUSSION**

After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). Pursuant to the statutory guidance, plaintiff's counsel and his client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received. This agreement is within the statutory limits.

The fee award currently sought by counsel represents just over fifteen percent of plaintiff's total award of past-due benefits which was $64,355.60. The requested contingent fee award for plaintiff's counsel, however, is neither automatic nor presumed. *Dunnigan v. Comm'r*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). This court may reject a contingent fee agreement that fails to "yield reasonable results" in a particular case. *Gisbecht*, 535 U.S. at 807. Counsel therefore must establish that the requested award is reasonable, even if it does not exceed the twenty-five percent ceiling. *Id.*

This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" such that the award would constitute an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

The record in this case provides no basis for a reduction in the requested § 406(b) fee due

2 -- ORDER

to the character of counsel's representation, the results obtained, any delay caused by plaintiff's counsel, or any unwarranted windfall. Had counsel not voluntarily reduced his requested fee award, the court would not have approved a twenty-five percent fee. However, the voluntary reduction in the requested fee appropriately accounted for the slight delay caused by counsel and the windfall that would result from a full fee award. The requested fee is reasonable.

## CONCLUSION

For the reasons stated, counsel's Unopposed Motion for Attorney Fees [29] is GRANTED. Counsel is entitled to $9,889.60 in § 406(b) fees, representing approximately fifteen percent of the disabled plaintiff's retroactive benefits recovery.

IT IS SO ORDERED.

DATED this 26th day of January, 2012.

                                            /s/ Ancer L. Haggerty
                                              Ancer L. Haggerty
                                        United States District Judge

3 -- ORDER